**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| AMAZON WEB SERVICES, INC., and VADATA, INC. Plaintiffs, ) ) ) ) ) | |
| v. ) ) | Civil Action No. 3:16-CV-619-MHL |
| GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD., Defendant ) ) ) ) | JURY TRIAL DEMANDED |

**SUBJECT TO DEFENDANT'S 12(B) MOTIONS AND AS A SPECIAL APPEARANCE, DEFENDANT'S MOTION TO STRIKE OR STAY PLAINTIFFS' MOTION TO ENJOIN AND RESPONSE TO PLAINTIFFS' REQUEST FOR AN INJUNCTION**

Pursuant to established Supreme Court and Fourth Circuit law, Global Equity Management (SA) Pty. Ltd. ("GEMSA"), makes this special appearance to respectfully request that this Court exercise its discretion to strike Plaintiffs' Amazon Web Services, Inc. and VADATA, Inc. (collectively "Amazon") *Motion to Enjoin Litigation of Collateral and Identical Customer Suits in the Eastern District of Texas* (the "Motion to Enjoin", Docket Entry 25) for lack of jurisdiction, or, in the alternative, stay Plaintiff's Motion to Enjoin pending resolution of GEMSA's *Motion to Quash Insufficient Service of Process* (Docket Entry 18) and GEMSA's *Motion to Dismiss for Lack of Personal Jurisdiction* (Docket Entry 20) (collectively "GEMSA's Motions"). GEMSA, in filing this Motion to Strike or Stay, does not intend to waive its challenge to service and personal jurisdiction, and hereby incorporates the arguments contained in GEMSA's Motions.

## I. ARGUMENT

a) **This Court should grant Defendant's Motions, and, therefore, strike Plaintiff's Motion to Enjoin.**

Plaintiffs filed their Motion to Enjoin on November 18, 2016. However, GEMSA has challenged Plaintiffs' service to GEMSA as well as Plaintiffs' claim of personal jurisdiction. Under Fourth Circuit law, "[w]hen a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." *Universal Leather, LLC v. Koro Ar, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014).

This Court has still not yet ruled on GEMSA's Motions, nor has GEMSA entered a general appearance, therefore Plaintiffs have not yet met their burden of establishing that this Court has personal jurisdiction over GEMSA. As such, at this time, Plaintiffs have no valid legal remedies to pursue in this Court. *Consumers Union of United States, Inc. v. Consumerreport.com*, No. 1:10cv268 (LMB/TCB), 2010 U.S. Dist. LEXIS 128452, at *7 (E.D. Va. Dec. 6, 2010) (holding that the court could not issue an injunction without personal jurisdiction). Plaintiffs' motion is premature, without appropriate jurisdiction, and should be struck.

b) **Alternatively, this Court should stay Plaintiff's Motion to Enjoin pending resolution of GEMSA's Motions, Preserving GEMSA's Right to Respond Substantively.**

As the Supreme Court recognized in *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." In considering a motion to stay, a district court should "consider three factors: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Pagliara v. Fed. Home Loan Mortg.*

*Corp.*, No. 1:16-cv-337 (JCC/JFA), 2016 U.S. Dist. LEXIS 59567, at *6 (E.D. Va. May 4, 2016) (internal citation omitted).

The interests of judicial economy are best served by staying Plaintiffs' Motion to Enjoin, since an injunction against GEMSA, which Plaintiff seeks, would first require a resolution of the threshold inquiries of service and personal jurisdiction raised by GEMSA's Motions. If this Court were to find in favor of GEMSA on GEMSA's Motions, then resolution of Plaintiffs' Motion to Enjoin would be fruitless. As such, it would be a waste of judicial resources to consider Plaintiffs' Motion to Enjoin (and any replies and responses that would be filed by GEMSA and Plaintiff) before resolving the jurisdiction and service issues raised by GEMSA's Motions.

On the other hand, not staying resolution of Plaintiffs' Motion to Enjoin would cause additional hardship to GEMSA in two ways. First, it creates hardship by putting GEMSA in a potential catch-22 where it must either file a substantive response to Plaintiff's Motion to Enjoin under the posture that this Court has personal jurisdiction, which contradicts GEMSA's position in the earlier-filed GEMSA's Motions, or it must abstain from filing a substantive response to Plaintiff's Motion to Enjoin and risk the Court granting Plaintiff's Motion to Enjoin for lack of response. Second, it creates hardship by requiring GEMSA to expend substantial resources in researching, writing, and arguing a motion that, regardless of outcome, may very well have no legal impact.

Finally, there is no prejudice to Plaintiffs by staying their motion until GEMSA's Motions are resolved. Plaintiffs cannot obtain its desired legal remedy without first establishing personal jurisdiction, so speedier resolution of Plaintiffs' Motion to Enjoin would not benefit Plaintiff. *See Consumers Union*, 2010 U.S. Dist. LEXIS 128452, at *7. In fact, Plaintiffs benefit

by not having to expend resources replying to GEMSA's opposition brief, should the Court grant this motion.

## II. CONCLUSION

As such, GEMSA respectfully requests that this Court strike Plaintiffs' *Motion to Enjoin Litigation of Collateral and Identical Customer Suits in the Eastern District of Texas* for lack of jurisdiction, or, in the alternative, stay Plaintiffs' Motion to Enjoin pending resolution of GEMSA's *Motion to Quash Insufficient Service of Process* and *Motion to Dismiss for Lack of Personal Jurisdiction*.

By filing this Motion to Strike or Stay and asking for the relief sought, GEMSA does not intend to waive its right to file a substantive response to Plaintiffs' Motion to Enjoin. Should this Court (1) determine that Plaintiffs have met their burden to show that GEMSA is subject to personal jurisdiction in this Court and deny GEMSA's Motions or (2) deny this Motion to Strike or Stay, then GEMSA intends to file a substantive response, attached hereto as **Exhibit A**, and would respectfully request this Court to either consider its substantive response in the alternative or allow GEMSA the opportunity to formally file its substantive response beyond the Rule 12 deadline.

Respectfully submitted,

GLOBAL EQUITY MANAGEMENT
(SA) PTY. LTD.


By /s/Martin A. Conn_____
             Counsel

Martin A. Conn (VSB No. 39133)
Matthias J. Kaseorg (VSB No. 86421)
Moran Reeves & Conn PC
100 Shockoe Slip, 4th Floor
Richmond, Virginia  23219

4

(804) 421-6250 Telephone
(804) 421-6251 Facsimile
mconn@moranreevesconn.com
[mkaseorg@moranreevesconn.com](mkaseorg@moranreevesconn.com)

William P. Ramey, III
(admitted *pro hac vice)*
Ramey & Schwaller, LLP
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Counsel for Global Equity Management (SA) Pty. Ltd.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Robert A. Angle
>Laura Anne Kuykendall
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone: (804) 697-1468
>Facsimile: (804) 697-1339
>robert.angle@troutmansanders.com
>la.kuykendall@troutmansanders.com
>
>J. David Hadden
>Saina S. Shamilov
>Ravi Ranganath
>Dargaye Chumet
>FENWICK & WEST LLP
>Silicon Valley Center
>801 California Street
>Mountain View, CA 94041
>Telephone: 650.988.8500
>Facsimile: 650.938.5200
>dhadden@fenwick.com
>sshamilov@fenwick.com
>rranganath@fenwick.com
>dchumet@fenwick.com
>
>*Counsel for Plaintiffs*

>>/s/Martin A. Conn_____
>>Martin A. Conn (VSB No. 39133)
>>Matthias J. Kaseorg (VSB No. 86421)
>>Moran Reeves & Conn PC
>>100 Shockoe Slip, 4th Floor
>>Richmond, Virginia  23219
>>(804) 421-6250 Telephone
>>(804) 421-6251 Facsimile
>>mconn@moranreevesconn.com
>>mkaseorg@moranreevesconn.com

William P. Ramey, III
(admitted *pro hac vice*)
Ramey & Schwaller, LLP
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Counsel for Global Equity Management (SA) Pty. Ltd.*