**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| AMAZON WEB SERVICES, INC., and VADATA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL EQUITY MANAGEMENT, S.A., <br><br> Defendant. | Case No. 3:16-cv-00619-MHL <br><br> **JURY TRIAL DEMANDED** |

**OPPOSITION OF PLAINTIFFS AMAZON WEB SERVICES, INC. AND
VADATA, INC. TO THE SPECIAL APPEARANCE AND OPPOSED MOTION TO
<u>WITHDRAW AS COUNSEL</u>**

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

(Admitted *Pro Hac Vice*)

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1468
Facsimile:  (804) 697-1339

*Counsel for Plaintiffs*
AMAZON WEB SERVICES, INC. and
VADATA, INC.

**INTRODUCTION**

Plaintiffs Amazon Web Services, Inc. ("AWS") and VADATA, Inc. ("VADATA" and, collectively with AWS, "Amazon") respectfully submit this combined opposition to Defendant Global Equity Management (SA) Pty. Ltd.'s ("GEMSA") Special Appearance and Opposed Motion to Withdraw as Counsel (Dkt. No. 35)[1] ("Motion to Withdraw"). Out of an abundance of caution, Amazon opposes the Motion to Withdraw because it is uncertain whether by granting this motion, the Court may divest itself of jurisdiction over former counsel with respect to ordering sanctions for pre-withdrawal misconduct. Specifically, Amazon reserves its right to file motions seeking sanctions and fees against the withdrawing attorneys pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 35 U.S.C. § 285.

**FACTUAL BACKGROUND**

GEMSA is an Australian patent assertion entity with no United States presence, and it has not designated a representative in this country for service of process affecting its patent rights. (Dkt. No. 24 at 2-3); *see also Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *2 (E.D. Tex. Jan. 24, 2017). From late 2015 through June 2016, GEMSA filed more than 30 identical lawsuits against Amazon customers in the Eastern District of Texas, alleging infringement of the same two patents by accessing Amazon's web technology and data centers. (Dkt. No. 24 at 5-9.) However, GEMSA strategically chose not to name Amazon as a co-defendant in any of those lawsuits. To protect its customers and safeguard its web services offering, Amazon filed the complaint for declaratory relief in this action on July 22, 2016. (Dkt. No. 1.) Amazon sued in this district because 35

---

[1] On June 16, 2017, GEMSA filed an Opposed Motion to Withdraw as Counsel. (Dkt. No. 33.) On June 19, 2017, GEMSA filed a motion to withdraw that motion (Dkt. No. 34) and filed a Special Appearance and Defendant's Opposed Motion to Withdraw as Counsel. (Dkt. No. 35.) If the Court denies GEMSA's motion to withdraw the first motion, then Amazon opposes that motion on the same grounds as it opposes the revised motion.

U.S.C. § 293 dictates that non-resident patentees who fail to designate a representative in the United States for service of process affecting their patent rights—like GEMSA here—are subject to the jurisdiction of this Court and suit in this district.

On July 26, 2016, a few days after this lawsuit was filed, counsel for Amazon called William Ramey, the designated correspondence counsel for GEMSA with the USPTO and GEMSA's lead counsel in the Texas customer cases, and asked him to accept service of the complaint. (Dkt. No. 24 at 10.) Mr. Ramey declined, noting that he was not authorized to accept service, but that he would confer with his client. But Mr. Ramey never accepted service or even responded to Amazon's counsel. Instead, and on the very next day, Mr. Ramey filed amended complaints in 20 of the Texas lawsuits, adding AWS and VADATA as formal defendants. (*Id.*) Amazon subsequently filed motions to dismiss, or in the alternative, transfer the claims against it to this Court and to stay claims against the customer defendants pending resolution of this action. (*See, e.g.*, E.D. Tex. Case No. 2:16-cv-618, Dkt. No. 10.)

On July 27, 2016, Amazon was forced to file a motion with this Court seeking permission to serve GEMSA via alternative means expressly authorized by 35 U.S.C. § 293. (Dkt. No. 10.) By Order, dated August 15, 2016, the Court granted the motion and authorized Amazon to serve the summons and complaint on GEMSA via publication in a newspaper of general circulation and personal service on GEMSA's USPTO correspondence representative, which was the same Mr. Ramey. (Dkt. No. 16.) Pursuant to the Court's order, Amazon served a copy of the summons and complaint in this action along with a copy of the Court's August 15, 2016 Order via personal service on Mr. Ramey at his correspondence address registered with the USPTO. (*See* Dkt. No. 24-22.) Additionally, beginning on August 18, 2016 and continuing on every Thursday for four weeks ending on September 8, 2016, Amazon advertised a legal notice of service by

publication in The Washington Post, published both in print and online editions of this nationally-circulated newspaper. (*See* Dkt. Nos. 24-23 to 24-25.)

On September 9, 2016, GEMSA filed motions to quash and dismiss on the ground that the Court's exercise of personal jurisdiction over GEMSA, as well as Amazon's service on GEMSA, violates the due process clause of the Fifth Amendment to the United States Constitution. (Dkt. Nos. 18-21.) As explained in Amazon's opposition to these motions, GEMSA's facial challenge to the constitutionality of Section 293—a statute that has never been constitutionally challenged in its 60-year history—is frivolous because GEMSA has purposefully availed itself of the privileges of patent ownership and, to obtain these privileges, has established minimum contacts with the USPTO in the Eastern District of Virginia. (*See* Dkt. No. 24 at 11-20.) GEMSA's sole purpose for filing these motions was to delay these proceedings and buy time to prosecute its duplicative cases in the Eastern District of Texas. The signing attorney on GEMSA's motions was Mr. Martin A. Conn, and also named on the signature blocks as counsel for GEMSA were Mr. Ramey, Matthias J. Kaseorg, and Buffy Martines. (*Id.*) On September 16, 2016, Mr. Conn filed an application for Mr. Ramey to qualify as a foreign attorney under Local Civil Rule 83.1(D), which the Court granted. (Dkt. Nos. 22, 23.)

In light of the Texas court's inaction on Amazon's motions to dismiss, or in the alternative, transfer those actions to this Court, on November 18, 2016, Amazon filed a motion requesting that this Court enjoin GEMSA from litigating the 30 collateral and identical customer suits in the Eastern District of Texas. (Dkt. Nos. 25, 26.) On January 24, 2017, the Texas court mooted this motion by severing and transferring GEMSA's suit against Amazon in the member case *GEMSA v. Ericsson, Inc., et al.*, 2:16-cv-618 (E.D. Tex.) to this Court and staying GEMSA's remaining customer suits in Texas. *Global Equity Management*, 2017 WL 365398 at *10-11.

On June 16, 2017, Mr. Ramey formally notified Amazon's counsel that he intended to withdraw as counsel in this action and asked whether Amazon was opposed. Amazon's counsel responded that he would reach out to our client and get back to Mr. Ramey as soon as he could. Later on June 16, before Amazon had time to respond, GEMSA filed its first motion to withdraw as counsel. (Dkt. No. 33.) Then on June 19, GEMSA filed the motion to withdraw the first motion and filed a new motion. (Dkt. Nos. 34, 35.)

## ARGUMENT

GEMSA, through its counsel of record, violated Rule 11 by filing motions to quash and dismiss that are neither warranted by existing law nor constitutes "non-frivolous argument for . . . reversing existing law." (Fed. R. Civ. P. 11(b)(2).) Instead, GEMSA filed its motions facially challenging the constitutionality of 35 U.S.C. § 293 for the "improper purpose . . . [of] caus[ing] unnecessary delay" of these proceedings. (Fed. R. Civ. P. 11(b)(1)). Moreover, GEMSA filed these motions to "unreasonably and vexatiously" maintain its Texas proceedings against Amazon and Amazon's customers, in violation of 28 U.S.C. § 1927. Courts can sanction counsel and hold them personally liable for their violations of Rule 11 and Section 1927. *See* 28 U.S.C. § 1927 ("Any attorney . . . admitted to conduct cases in any court of the United States . . . may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such [unreasonable and vexatious] conduct"); *In re Kunstler*, 914 F.2d 505, 525 (4th Cir. 1990) (affirming district court's sanction and finding of joint and several liability for payment of fees among attorneys who signed pleadings in violation of Rule 11). Courts have also ordered counsel jointly and severally liable for attorney fees awarded under 35 U.S.C. § 285 in patent cases where counsel violated Rule 11 or Section 1927. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1245, 1248, 1253 (Fed. Cir. 2003) (affirming joint and several liability of counsel for attorney fees awarded under 35 U.S.C. § 285 and 28 U.S.C.

§ 1927); *Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 964-65 (N.D. Cal. 2015) (ordering counsel jointly and severally liable for attorney fees awarded under 35 U.S.C. § 285 and Rule 11).

Amazon opposes the Motion to Withdraw because it is uncertain whether by granting this motion, the Court may divest itself of jurisdiction over former counsel with respect to ordering sanctions for pre-withdrawal misconduct. The weight of authority supports the Court retaining jurisdiction. Courts in the Fourth Circuit have not directly addressed whether a court retains jurisdiction over attorneys who have withdrawn from an action. However, "it is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that district court retained jurisdiction to issue Rule 11 sanctions after plaintiff voluntarily dismissed his complaint). And courts outside of the Fourth Circuit have explicitly sanctioned attorneys for pre-withdrawal conduct. *See, e.g.*, *In re Itel Securities Lit.*, 791 F.2d 672, 675 (9th Cir. 1986) ("a lawyer may [not] escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions"); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604, 2008 WL 1777855, at *2 (S.D.N.Y. April 16, 2008) ("As for defendants' contemplated claim against Sinawski for Rule 11 sanctions, his withdrawal from the case does not insulate him from such a claim for pre-withdrawal litigation conduct"). Accordingly, while this Court should retain its power to sanction withdrawn counsel for pre-withdrawal misconduct, out of an abundance of caution, Amazon opposes the Motion to Withdraw.

- 6 -

Respectfully submitted,

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200


Dated: July 3, 2017

By: */s/ Laura Anne Kuykendall*
    Robert A. Angle (VSB No. 37691)
    robert.angle@troutmansanders.com
    Laura Anne Kuykendall (VSB No. 82318)
    La.kuykendall@troutmansanders.com
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, VA 23219
    Telephone: (804) 697-1468
    Facsimile: (804) 697-1339


    *Counsel for Plaintiffs*
    AMAZON WEB SERVICES, INC. and
    VADATA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system, which will then send automatic notification of such filing (NEF) to the following:

>Martin Andrew Conn
>mconn@mrcpclaw.com
>Matthias John Kaseorg
>mkaseorg@mrcpclaw.com
>Moran Reeves & Conn PC
>100 Shockoe Slip, 4th Floor
>Richmond, VA 23219
>Telephone: (804) 421-6250
>Fax: (804) 421-6251
>
>William P. Ramey, III
>Ramey & Browning PLLC
>5020 Montrose Blvd, Suite 750
>Houston, TX 77006
>Telephone: (713) 426-3923
>Fax: (832) 900-4941
>wramey@rameyfirm.com

>*/s/ Laura Anne Kuykendall*
>Laura Anne Kuykendall (VSB No. 82318)
>La.kuykendall@troubmansanders.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone: (804) 697-1468
>Facsimile: (804) 697-1339
>
>*Counsel for Plaintiffs*
>AMAZON WEB SERVICES, INC., and
>VADATA, INC.